UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AIMEE E. BLANKENSHIP,<br><br>                         Plaintiff,<br>v.<br><br>WEBER & OLCESE, PLC, a Michigan Professional Limited Liability Company,<br><br>                         Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for damages, brought by a consumer against debt collectors for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331.

3. Venue in this judicial district is proper because defendant does business in this district and the conduct complained of occurred in this district, pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff, Aimee E. Blankenship (hereafter "Blankenship"), is an adult, natural person residing in East Lansing, Ingham County, Michigan. Blankenship is a "consumer" and "person" as the terms are defined and used in the FDCPA. Blankenship is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA and MOC.

5. Defendant Weber & Olcese, P.L.C. ("Weber"), is a private professional limited liability company, doing business at 3250 W. Big Beaver Road, Suite 124, Troy, MI 48084.

Weber's registered agent is Michael J. Olcese, 3250 W. Big Beaver Road, Suite 124, Troy, MI 48084. Weber uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Weber regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Weber is a "regulated person" as the term is defined and used in the MCPA. Alternatively, Weber is a "collection agency" and "licensee" as the terms are defined and used in the MOC.

## FACTS

6. On or about January 29, 2016, defendant filed a civil action against Blankenship in the 55th District Court in Mason, Michigan, Case No. 16-0295-GC.

7. The 55th Judicial District consists of the county of Ingham, except the cities of Lansing and East Lansing. MCL 600.8125(3).

8. Defendant's state court collection suit was filed in an attempt to collect money allegedly due for monies originally loaned by Capital One Bank. The debt allegedly owed by Blankenship was incurred primarily for personal, family or household purposes and was a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5).

9. A copy of the summons and complaint filed by the defendant in the state court collection action is attached hereto as Exhibit 1.

10. The summons and complaint filed by defendant in the state court action correctly stated plaintiff's address, which is in the City of East Lansing, Michigan.

11. The state court Complaint alleges in paragraph 4 that Blankenship is "domiciled in the City of East Lansing, Michigan 48823-7219.

12. Defendant caused the summons and complaint to be served on Blankenship at her residence in East Lansing, Michigan.

13. The FDCPA states that a debt collector may file a collection suit against a consumer only in the judicial district in which the consumer signed a contract sued upon or in which the consumer resides at the commencement of the action. 15 U.S.C. § 1692i.

14. When Defendant filed the collection lawsuit against Blankenship, she was residing in East Lansing, Michigan.

15. The contract sued upon was not signed by Blankenship in the 55th Judicial District.

16. When defendant filed the collection lawsuit against Blankenship, they had no legitimate reason to believe that she was then residing in the 55th Judicial District of Michigan.

17. By filing the collection action in the wrong judicial district, defendant violated the FDCPA, 15 U.S.C. § 1692i.

18. As a result of defendant's violation of the FDCPA described above, Plaintiff has incurred expenses for legal representation and has lost time and inconvenience.

## RELIEF REQUESTED

Wherefore, Plaintiff seeks judgment against Defendants for:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages in the amount of up to $1,000, pursuant to 15 U.S.C. § 1692k(a)(2);

c. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3).

Dated: April 8, 2016
/s/ Kristen L. Krol
Kristen L. Krol (P55103)
The Krol Law Firm, PLLC
Attorney for Plaintiff
4710 W. Saginaw Highway, Suite C
Lansing, Michigan 48917-2654
517-321-6804 ♦ debtrlc@drlc.com